The Judges,
after fully considering this case, were all of opinion, that the presiding judge on the trial, very properly opened the decree of the vice-admiralty court at Gibraltar, and permitted the parties to go into evidence, as the facts stated in the decree did not amount to a justifiable cause of condemnation; and also, because there was ambiguity and uncertainty in the proceedings, the libel stating, that the vessel and cargo were enemies property, and the decree condemning for breach of blockade. It was very clear therefore, for these reasons, that this decree was not conclusive, as was determined in the case of Blacklock and Bower v. Stewart et al. and in several other cases, and as laid down *393 in Park, 353. 356. And from the evidence offered m the , , . case, it appears she was not hable to capture and condemnation, either on the ground mentioned in the libel, or in that of the decree. •
With respect to the cause stated in the libel, to wit, that the ship and cargo were enemies’ property, there was no proof even alleged'that she belonged to the enemies of Great Britain ; on the contrary, it was clearly proved that they were the bona fide property of the plaintiffs, citizens of America, so that on this ground there was not a shadow of reason for condemnation ; indeed, the sentence for breach of blockade seems to admit the fact, by abandoning that ground, and condemning on another of a very different nature. And as to the breach of blockade, the reason assigned in the sentence of condemnation, that seems to be as groundless as the allegation in the libel; for, from the evidence offered on that head, she did not attempt to enter the port of Cadiz after being warned by the blockading squadron. The only evidence relating to that subject, was what passed between the captain and the admiral, on board of the flagship, when the former was under examination, while the captain was in the nature of a prisoner, and when he had no control or command over his own vessel; in answer to a question asked him by the admiral, where he intended to go if he released his vessel, he replied, that he intended to enter Cadiz, unless he got contrary orders ; upon this the admiral ordered his ship to Gibraltar. .
This verbal declaration of the captain to the admiral, in his then situation, was no ground certainly for seizing his ship. The treaty between Great Britain and this country is express on this point: “ That an American vessel sailing 11 to a blockaded port, not knowing of the blockade, shall “ not be detained, nor her cargo (if not contraband) be con- “ fiscated, unless after notice she shall again attempt to en~ “ ter, but shall be permitted to go to any other place she “ may think proper.”
This is a fair exposition of the law of nations on the subject, as it prevents an innocent neutral from semrre and con *394 fiscation, who may approach a besieged place, not knowing 0f a blockade. The bare declaration of the master, unaccompanied with any fact corroborative of such 'his intention, was not a ground of seizure; besides, free agency was wanting in the case, to constitute the offence, for he was in the nature of a prisoner, not in the possession or command of his vessel, or having any control over her at the time when these expressions were uttered ; and unless there had been a second attempt to enter into the port of Cadiz, there could be no offence against this treaty. But what is most remarkable in the case is, that the reason assigned in the sentence of condemnation is not an offence against the treaty. She is condemned for persisting in an intention of entering ,- this is no offence under the treaty; it is no cause of seizure ; mere loose parlance, unconnected with any fact. It is evident, therefore, that she was not condemned for any cause justifiable in its nature, or by the law of nations, or by the treaty subsisting between the two nations If the condemnation had been for attempting to enter, after being •warned, it might have been a good cause of capture ; but persisting in an intention alone, is no cause of capture. Therefore the sentence, upon the face of it, if there were no other grounds in the case to open it, would have been sufficient.
New trial refused, and rule discharged.
Present, Guimke, Bay, Johnson, Tkezevant and Bse-VARD.